Jinny Kim, State Bar No. 208953
Gina Gemello, State Bar No. 282964
The LEGAL AID SOCIETY –
   EMPLOYMENT LAW CENTER
180 Montgomery Street, Suite 600
San Francisco, CA 94104 - 4244
Telephone:   (415) 864-8848
Facsimile:   (415) 593-0096
Emails:       jkim@las-elc.org
                   ggemello@las-elc.org

Attorneys for Plaintiff
JEANNE KITCHEN

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANNE KITCHEN,<br><br>    Plaintiff,<br><br>    v.<br><br>LODI UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR RELIEF FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND THE REHABILITATION ACT** |

Plaintiff Jeanne Kitchen alleges as follows:

## INTRODUCTION

1.  This is an action for relief from Defendant's violations of Plaintiff's civil rights. These violations, which are more particularly alleged herein, include disability-based discrimination, retaliation, and interference in violation of the Americans with Disabilities Act and the Rehabilitation Act.

2.  Plaintiff Jeanne Kitchen was a school teacher for the Defendant, Lodi Unified School District, for 21 years. In September 2009, Plaintiff Kitchen was diagnosed with bipolar disorder. Around the same time period, she also required surgery for another disability, a back condition. For three years following her bipolar diagnosis, Plaintiff Kitchen remained an active employee

1  until her disability retirement in September 2012.  Because of the symptoms of her disabilities,
2  prior to her retirement, Plaintiff Kitchen took time off from work.

3.  On the basis of this time off from work, which was required by Plaintiff's disabilities, and which was a protected activity under the Americans with Disabilities Act and the other disability nondiscrimination laws cited herein, Defendant denied Plaintiff access to its Early Retirement Health Benefits program, under which the Defendant pays the monthly health care premiums for its eligible retirees.  Plaintiff contends that the policy and practice of denying the premium payment benefits to an individual based upon absences which are necessitated due to disability violates state and federal disability laws.

4.  Plaintiff seeks reimbursement for the premiums she has paid for her disability retirement health benefits, an injunction requiring the Defendant to pay future premiums, declaratory relief, interest, reasonable attorneys' fees and costs, and other appropriate relief for Defendant's violations of her rights.

## JURISDICTION AND VENUE

5.  This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1331.  This is an action arising under federal laws, the Americans with Disabilities Act and the Rehabilitation Act.

6.  Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the claims in this matter occurred in this judicial district.

## PARTIES

7.  Plaintiff Jeanne Kitchen is a U.S. citizen and a resident of San Joaquin County, in this judicial district.  Plaintiff Kitchen is an individual with a disability as this term is defined by the federal laws cited.

8.  Defendant Lodi Unified School District (LUSD) is a public school district located in Lodi, California, within this Court's judicial district.  At all times relevant herein, Defendant LUSD employed more than fifteen employees, and is an employer within the meaning of Title I of the ADA.  Defendant LUSD is also a public entity within the meaning of Title II of the ADA.  Defendant LUSD receives federal funding, and is covered by the Rehabilitation Act.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff Kitchen filed a charge of discrimination with the EEOC on or about December 6, 2012. The U.S. Department of Justice issued a right-to-sue letter on June 6, 2014.

10. Administrative exhaustion is not required for Title II of the ADA or for claims brought under the Rehabilitation Act.

## STATEMENT OF FACTS

11. Plaintiff incorporates by reference the allegations in paragraphs 1 through 10 as though fully set forth herein.

12. Plaintiff Kitchen has bipolar disorder, a disability under the ADA and the Rehabilitation Act. 29 C.F.R. § 1630.2(j)(3)(iii). She also has a back condition that has required surgery and which constitutes a further disability under federal law. *See* 29 C.F.R. § 1630.2(h)-(k).

13. Plaintiff Kitchen began working as a teacher for Defendant LUSD in 1991. For many years, she was a successful teacher who received awards and other forms of recognition.

14. In September 2009, Plaintiff Kitchen was diagnosed with bipolar disorder at the age of 54. The same year, she required surgery for her back disability. Between September 2009 and the summer of 2012, Plaintiff Kitchen missed work due to her disabilities. However, her status as an employee remained active. She worked most of the 2010-2011 school year, and she worked the fall semester of the 2011-2012 school year. Then, she was out for the spring semester of the 2011-2012 school year due to disability.

15. By the summer of 2012, Plaintiff Kitchen decided to retire early from the school district. She submitted her letter of retirement on August 22, 2012. Plaintiff Kitchen qualified for early retirement. Her effective date of retirement was September 30, 2012.

16. Under Defendant's Early Retirement Health Benefits program, the district pays the premiums for the retiree's health coverage. Based on the fact that Plaintiff Kitchen took unpaid days off prior to her retirement, the District deemed Plaintiff to have had a "break in service," and excluded her from the benefits of the program. But for the time off that Plaintiff Kitchen required, she would have been eligible for the Early Retirement Health Benefits program.

17. Further, there is evidence that Defendant LUSD took affirmative and intentional steps to ensure that Plaintiff Kitchen would be excluded from the program.

18. Jeanne Kitchen has been paying her health care premiums out of pocket, and has expended significant monies. If she is required to continue paying these premiums until she is eligible for Medicare, she will expend further significant monies. The premiums she has already paid and will pay total approximately $80,000.

## DECLARATORY RELIEF ALLEGATIONS

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 though 18 as though fully set forth herein.

20. An actual controversy exists between the Plaintiff and Defendant concerning their respective rights and duties. Plaintiff contends that in denying her participation in the Early Retirement Health Benefits program, Defendant violated her rights under federal law. Plaintiff is informed and believes that Defendant denies that these actions were unlawful. Declaratory relief is therefore necessary and appropriate.

21. Plaintiff seeks a judicial declaration of the rights and duties of the respective parties, including a declaration of Defendant's duty to comply with the law.

## INJUNCTIVE RELIEF ALLEGATIONS

22. Plaintiff incorporates by reference the allegations in paragraphs 1 through 21 as though fully set forth herein.

23. No plain, adequate, or complete remedy at law is available to Plaintiff to redress the wrongs addressed herein.

24. If this Court does not grant the injunctive relief sought herein, Plaintiff will be irreparably harmed.

## FIRST CLAIM FOR RELIEF
Disability-Based Discrimination in Violation of
Title I of the ADA, 42 U.S.C. §§ 12112, *et seq.*

25. Plaintiff incorporates by reference the allegations in paragraphs 1 through 24 as though fully set forth herein.

26. While an active employee, who was then qualified to perform the essential functions

of the job with and without reasonable accommodations, Plaintiff exercised her rights as an individual with disabilities under Title I of the ADA by seeking and using reasonable accommodations, including time off from working.

27. By subjecting Plaintiff to the rule that, by taking time off as a reasonable accommodation from working, Plaintiff had a "break in service," and was thereby disqualified and excluded from the benefits of the Defendant's Early Retirement Health Benefits program, Defendant LUSD violated Title I of the ADA.  Defendant LUSD classified Plaintiff in a manner that adversely affected her opportunities because of her disability, used criteria that had the effect of discrimination on the basis of her disability and used non-job-related selection criteria that screened out Plaintiff from a job-related benefit on the basis of disability.  *See* 42 U.S.C. § 12112(b)(1), (b)(3)(A), (b)(6).

28. Plaintiff is entitled to all relief needed to compensate her for Defendant's exclusion of her from the Early Retirement Health Benefits program, including reimbursement of past premiums, interest on these premium payments, payment of future premiums, injunctive and declaratory relief, attorneys' fees and costs, and any other appropriate relief needed to make Plaintiff whole.

**SECOND CLAIM FOR RELIEF**
Disability-Based Discrimination in Violation of
Title II of the ADA, 42 U.S.C. §§ 12131, *et seq.*

29. Plaintiff incorporates by reference the allegations in paragraphs 1 through 28 as though fully set forth herein.

30. As a former school teacher with more than 20 years of service, Plaintiff was qualified to participate in the Defendant's Early Retirement Health Benefits program, but for her classification by the Defendant as having had a "break in service." Defendant so classified Plaintiff based on her status as an individual with a disability who had previously taken time off from working as a reasonable accommodation.

31. By excluding Plaintiff from the program on the basis of the time off she had previously needed and used due to her disability, Defendant LUSD violated Title II of the ADA. Defendant LUSD utilized criteria that had the effect of disability discrimination, and that

substantially impaired the accomplishment of the objectives of the Early Retirement Health Benefits program with respect to persons with disabilities, and which imposed unnecessary eligibility criteria that screened out Plaintiff on the basis of disability.  *See* 28 C.F.R. § 35.130(b)(3)(i),(ii); (b)(8).

32.   Plaintiff is entitled to all relief needed to compensate her for Defendant's exclusion of her from the Early Retirement Health Benefits program, including reimbursement of past premiums, interest on these premium payments, payment of future premiums, injunctive and declaratory relief, attorneys' fees and costs, and any other appropriate relief needed to make Plaintiff whole.

**THIRD CLAIM FOR RELIEF**
Disability-Based Discrimination in Violation of
the Rehabilitation Act, 29 U.S.C. §§ 794, *et seq.*

33.   Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 as though fully set forth herein.

34.   Section 504 of the Rehabilitation Act prohibits discrimination on the basis of disability by any program or activity receiving federal financial assistance.  The prohibition reaches all forms of disability discrimination, including employment and non-employment based discrimination.  *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624, 632-33 (1984).

35.   In excluding Plaintiff from the Early Retirement Health Benefits program, Defendant LUSD violated Section 504 of the Rehabilitation Act.  Defendant used non-job-related eligibility criteria that screened Plaintiff out from a job-related benefit on the basis of disability.  *See* 34 C.F.R. § 104.13; 45 C.F.R. § 84.13(a).  Defendant LUSD utilized criteria that had the effect of disability discrimination, and that substantially impaired the accomplishment of the objectives of the Early Retirement Health Benefits program with respect to persons with disabilities.  *See* 34 C.F.R. § 104.4(b)(4)(i), (ii); 45 C.F.R. § 84.4(b)(4)(i), (ii).

36.   Plaintiff is entitled to all relief needed to compensate her for Defendant's exclusion of her from the Early Retirement Health Benefits program, including reimbursement of past premiums, interest on these premium payments, payment of future premiums, injunctive and declaratory relief, attorneys' fees and costs, and any other appropriate relief needed to make

Plaintiff whole.

## FOURTH CLAIM FOR RELIEF
Retaliation and Interference in Violation of
Title V of the ADA, 42 U.S.C. §§ 12203

37. Plaintiff incorporates by reference the allegations in paragraphs 1 through 36 as though fully set forth herein.

38. Title V of the ADA, 42 U.S.C. § 12203(a), prohibits retaliation against an individual for engaging in activities protected under the Act. *See Coons v. Secretary of U.S. Dept. of Treasury*, 383 F.3d 879, 887 (2004) (citing *Heisler v. Metropolitan Council*, 339 F.3d 622, 630 n.5 (8th Cir. 2003) ("the ADA prohibits an employer from retaliating against an employee who seeks an accommodation in good faith")).

39. Title V of the ADA prohibits interference with any individual "in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed … any right granted or protected by this chapter." 42 U.S.C. § 12203(b).

40. In excluding Plaintiff from participation in the Early Retirement Health Benefits program due to the time off she required as a reasonable accommodation for her disability, Defendant LUSD retaliated against Plaintiff, and interfered with her on account of her having enjoyed rights protected under the ADA, in violation of Title V of the ADA.

41. Plaintiff is entitled to all relief needed to compensate her for Defendant's exclusion of her from the Early Retirement Health Benefits program, including reimbursement of past premiums, interest on these premium payments, payment of future premiums, injunctive and declaratory relief, attorneys' fees and costs, and any other appropriate relief needed to make Plaintiff whole.

## FIFTH CLAIM FOR RELIEF
Retaliation in Violation of the Rehabilitation Act
29 U.S.C. §§ 794, *et seq.*

42. Plaintiff incorporates by reference the allegations in paragraphs 1 through 41 as though fully set forth herein.

43. Section 504 incorporates the anti-retaliation provision of Title VI of the Civil Rights Act of 1964. 29 U.S.C. § 794(a)(2); 34 C.F.R. § 100.7(e). The incorporation extends the

protections of the Rehabilitation Act to any individual who has been intimidated, threatened, coerced, or discriminated against for the purpose of interfering with protected rights under the Rehabilitation Act. *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 825 (9th Cir. 2009).

44. In excluding Plaintiff from participation in the Early Retirement Health Benefits program due to the time off she required as a reasonable accommodation for her disability, Defendant LUSD retaliated against Plaintiff, and discriminated against her for the purposes of interfering with rights protected by the Rehabilitation Act.

45. Plaintiff is entitled to all relief needed to compensate her for Defendant's exclusion of her from the Early Retirement Health Benefits program, including reimbursement of past premiums, interest on these premium payments, payment of future premiums, injunctive and declaratory relief, attorneys' fees and costs, and any other appropriate relief needed to make Plaintiff whole.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Order reimbursement of premiums paid by Plaintiff as a result of her exclusion from the Early Retirement Health Benefits program;

2. Order payment of interest;

3. Grant all injunctive relief necessary to bring Defendant into compliance with the ADA and the Rehabilitation Act, including an order requiring the Defendant to pay future premiums;

4. Grant declaratory relief;

5. Order Defendant to pay Plaintiff reasonable attorneys' fees, reasonable expert witness fees, and other costs of this action; and

6. Grant such other and further relief as this Court may deem proper and just.

//
//
//

Dated:    June 16, 2014            Respectfully Submitted,

                                        Jinny Kim
                                        Gina Gemello
                                        THE LEGAL AID SOCIETY - EMPLOYMENT LAW CENTER

By:        /s/ Gina Gemello
           Gina Gemello
           Attorney for Plaintiff