1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11                          ----oo0oo----

12   JEANNE KITCHEN,                   CIV. NO. 2:14-01436 WBS EFB

13             Plaintiff,              MEMORANDUM AND ORDER RE: MOTION
                                       TO DISMISS FIRST AMENDED
14        v.                           COMPLAINT

15   LODI UNIFIED SCHOOL DISTRICT;
     CATHERINE NICHOLS-WASHER, in
16   her official capacity as
     Superintendent of the Lodi
17   Unified School District; NEIL
     YOUNG, in his official
18   capacity as Director of
     Personnel of the Lodi Unified
19   School District,

20             Defendants.

21

22                          ----oo0oo----

23        This matter is again before the court after plaintiff

24   Jeanne Kitchen filed her First Amended Complaint ("FAC").

25   (Docket No. 19.)  Defendants Lodi Unified School District

26   ("LUSD"), Catherine Nichols-Washer, and Neil Young have moved to

27   dismiss plaintiff's FAC pursuant to Federal Rules of Civil

28   Procedure 12(b)(1), 12(b)(6), and 41, as well as to strike

                                    1

1  portions of it pursuant to Rule 12(f).  (Docket No. 28).  The

2  factual and procedural history is set forth in this court's

3  November 5, 2014 Memorandum and Order, (Docket No. 17),

4  dismissing plaintiff's original Complaint with leave to amend.

5         Plaintiff's FAC adds Nichols-Washer and Young as

6  defendants acting in their official capacity.  (FAC ¶¶ 9-10.)

7  The FAC asserts five claims against all defendants: (1)

8  disability-based discrimination in violation of Title I of the

9  Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, et

10  seq.; (2) disability-based discrimination in violation of the

11  Rehabilitation Act, 29 U.S.C. §§ 794, et seq.; (3) retaliation in

12  violation of Title V of the ADA, 42 U.S.C. § 12203; (4)

13  interference in violation of Title V of the ADA, 42 U.S.C.

14  § 12203; and (5) retaliation in violation of the Rehabilitation

15  Act, 29 U.S.C. §§ 704, et seq.  (FAC ¶¶ 29-48.)

16  II.  Discussion

17         Defendants move to dismiss plaintiff's first, third,

18  and fourth claims pursuant to Federal Rule of Civil Procedure

19  12(b)(1) on the basis of Eleventh Amendment immunity and all of

20  plaintiff's claims pursuant to Rule 12(b)(6) for failure to state

21  a claim on which relief can be granted.  Defendants also move to

22  strike Nichchols-Washer and Young from plaintiff's second and

23  fifth claims pursuant to Rule 12(f).

24      A. Eleventh Amendment Immunity

25         On a motion to dismiss under Rule 12(b)(1), the

26  plaintiff normally bears the burden of establishing a

27  jurisdictional basis for her action.  Kokkonen v. Guardian Life

28  Ins. Co. of Am., 511 U.S. 375, 377 (1994).  However, the Ninth

1 Circuit has held that "Eleventh Amendment immunity does not

2 implicate a federal court's subject matter jurisdiction in an

3 ordinary sense," and thus, should be treated as an affirmative

4 defense for which "the public entity . . . bear[s] the burden of

5 proving the facts that establish its immunity under the Eleventh

6 Amendment." ITSI T.V. Prods., Inc. v. Agric. Ass'ns, 3 F.3d

7 1289, 1291-92 (9th Cir. 1993) ("Eleventh Amendment immunity,

8 whatever its jurisdictional attributes, should be treated as an

9 affirmative defense."); see also Hill v. Blind Indus. and Serv.

10 of Md., 179 F.3d 754, 760 (9th Cir. 1999) (concluding that

11 Eleventh Amendment immunity is not a true jurisdictional bar

12 because it can be waived or forfeited by the state).

13        1. Plaintiff's ADA Claims against LUSD

14      As a preliminary matter, plaintiff's FAC reasserts

15 claims against LUSD under Title I and Title V of the ADA.  (FAC

16 ¶¶ 29-32, 37-44.)  Defendants move to dismiss these claims

17 pursuant to Rule 41(b) for failure to comply with the court's

18 previous Order, which concluded that the Eleventh Amendment bars

19 these claims as against LUSD.  (Nov. 5, 2014 Order at 4-5); Fed.

20 R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with

21 these rules or a court order, a defendant may move to dismiss the

22 action or any claim against it.").  Plaintiff does not dispute

23 this decision and states that she agrees to dismiss LUSD from her

24 first, third, and fourth claims for relief.  (Pl.'s Opp'n at 4

25 n.1 (Docket No. 31).)  Accordingly, the court will grant

26 defendants' motion to dismiss plaintiff's first, third, and

27 fourth claims as against LUSD.

28        2. Plaintiff's ADA Claims against Nichols-Washer and

1        Young

2            "State governments can invoke the Eleventh Amendment's

3    guarantee of sovereign immunity against Title I suits seeking

4    money damages," but this immunity "does not bar Title I suits

5    against state officials for prospective injunctive and

6    declaratory relief." Walsh v. Nev. Dep't of Human Res., 471 F.3d

7    1033, 1036 (9th Cir. 2006) (citing Bd. Of Trustees of the Univ.

8    of Alabama v. Garrett, 531 U.S. 360, 374 n.9 (2001), and Ex parte

9    Young, 209 U.S. 123 (1908)).  "In what has become known as part

10   of the Ex parte Young doctrine, . . . a suit for prospective

11   injunctive relief provides a narrow, but well-established,

12   exception to Eleventh Amendment immunity." Doe v. Lawrence

13   Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997).

14           Although the Eleventh Amendment precludes an award of

15   monetary damages based on prior misconduct, the court may "enjoin

16   state officials to conform their conduct to requirements of

17   federal law, notwithstanding a direct and substantial impact on

18   the state treasury." Milliken v. Bradley, 433 U.S. 267, 289

19   (1977).  Thus, "[i]n determining whether the doctrine of Ex parte

20   Young avoids an Eleventh Amendment bar to suit, a court need only

21   conduct a 'straightforward inquiry into whether [the] complaint

22   alleges an ongoing violation of federal law and seeks relief

23   properly characterized as prospective.'" Verizon Maryland, Inc.

24   v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 645 (2002).

25           Plaintiff does not dispute that an award of retroactive

26   benefits or reimbursement of past premium payments is outside the

27

28

                                    4

1  exception of Ex parte Young.[1]  Plaintiff argues that her ADA

2  claims allege a current and ongoing violation of federal law

3  based on defendants "excluding Plaintiff from participation in

4  the Early Retirement Health Benefits program." (See FAC ¶¶ 3,

5  31, 47.)  Her prayer for relief seeks "all injunctive relief

6  necessary to bring Defendants into compliance with the ADA . . .

7  including an order requiring the Defendants to pay future

8  premiums."  (Id. at 8.)

9         Defendants characterize plaintiff's claim for relief as

10  solely retrospective because the bureaucratic decision to exclude

11  her from the Early Retirement Health Benefits program was made in

12  the past.  (Defs.' Reply at 4-5 (Docket No. 32).)  An order

13  requiring defendants to pay future premiums is equivalent, they

14  argue, to an award of future damages.

15         In Edelman v. Jordan, 415 U.S. 651 (1974), the Supreme

16  Court recognized that "[t]he difference between the type of

17  relief barred by the Eleventh Amendment and that permitted under

18  Ex parte Young will not in many instances be that between night

19  and day."  Id. at 667.  In subsequent cases, the Court has drawn

20  a distinction between claims seeking "the award of an accrued

21  monetary liability . . .' which represented 'retroactive

22  payments,'" and those sseeking "'payment of state funds . . . as

23  a necessary consequence of compliance in the future with a

24  substantive federal-question determination.'"  Milliken, 433 U.S.

25         [1]  Plaintiff states that her prayer for reimbursement of

26  past premium payments plus accrued interest are made solely under
    the Rehabilitation Act.  (See FAC at 8; Pl.'s Opp'n at 6.)

27  California has waived Eleventh Amendment immunity for purposes of
    the Rehabilitation Act.  See Douglas v. Cal. Dep't of Youth

28  Auth., 271 F.3d 812, 820, amended, 271 F.3d 910 (9th Cir. 2001).

1   at 289 (quoting Edelman, 415 U.S. at 663-664, 668) (describing

2   Edelman's holding).[2]

3        Mindful of this distinction, the court is unable to

4   conclude that the Eleventh Amendment bars all relief plaintiff

5   seeks here.  To the extent plaintiff seeks an order allowing her

6   to prospectively "participat[e] in the Early Retirement Health

7   Benefits program," (see FAC ¶¶ 24, 31, 47), her claims seek the

8   kind of relief authorized by Ex parte Young.  Such relief would

9   arguably not involve a monetary award and would not attempt to

10  compensate plaintiff for past misconduct.  As a consequence of

11  plaintiff's participation in the Early Retirement Health Benefits

12  program, defendants may be required to, among other things, pay

13  plaintiff's future premiums in accordance with the administration

14  of that program.  However, the payment of future premiums "as a

15  necessary consequence of compliance in the future" with the ADA

16  does not necessarily place plaintiff's claims outside Ex parte

17  Young.  See Milliken, 433 U.S. at 289.  Accordingly, because

18  plaintiff's requested relief is distinguishable from retroactive

19  monetary damages and may only serve to prospectively place her in

20  defendants' Early Retirement Health Benefits program, the

21  Eleventh Amendment does not bar plaintiff's first, third, and

22  _____

23        [2]    In Milliken, for example, the Court upheld a district
    court's order requiring that state officials eliminate a de jure
24  segregated school system, noting the "continuing effects of past
    misconduct."  See Milliken, 433 U.S. at 289.  In describing the
25  nature of that relief, the Court reasoned that, "[u]nlike the
    award in Edelman, the injunction entered here could not
26  instantaneously restore the victims of unlawful conduct to their
    rightful condition.  Thus, the injunction here looks to the
27  future, not simply to presently compensating victims for conduct
    and consequences completed in the past."  Id. at 290 n.21.
28

6

1    fourth claims against Nichols-Washer and Young.

2         B. Sufficiency of the FAC under Rule 12(b)(6)

3         On a motion to dismiss for failure to state a claim

4    under Rule 12(b)(6), the court must accept the allegations in the

5    complaint as true and draw all reasonable inferences in favor of

6    the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974),

7    overruled on other grounds by Davis v. Scherer, 468 U.S. 183

8    (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a

9    motion to dismiss, a plaintiff must plead "only enough facts to

10   state a claim to relief that is plausible on its face."  Bell

11   Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

12        The plausibility standard "does not require detailed

13   factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 678

14   (2009).  Nor does it "impose a probability requirement at the

15   pleading stage."  Starr v. Baca, 652 F.3d 1202, 1213 (9th Cir.

16   2011).  This standard "'simply calls for enough facts to raise a

17   reasonable expectation that discovery will reveal evidence' to

18   support the allegations."  Id. at 1217 (quoting Twombly, 550 U.S.

19   at 556).  Ultimately, "[d]etermining whether a complaint states a

20   plausible claim for relief will . . . be a context-specific task

21   that requires the reviewing court to draw on its judicial

22   experience and common sense."  Iqbal, 556 U.S. at 679.

23            1. Plaintiff's ADA Claims against Nichols-Washer and

24               Young

25        Defendants first argue that plaintiff's first, third,

26   and fourth claims under the ADA are time barred.  (Defs.' Mem. at

27   9-11.)  Defendants base their argument on the fact that plaintiff

28   filed her FAC--but not her original Complaint--more than ninety

1    days after the Equal Employment Opportunity Commission notified

2    her of her right to sue.  See 42 U.S.C. §§ 2000e-5(f)(1),

3    12117(a); Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445

4    (9th Cir. 1990).  Defendants assert that the court must consider

5    the FAC's filing date because plaintiff's FAC cannot "relate

6    back" to her original complaint under Rule 15(c)(1).  (Defs.'

7    Mem. at 9-11.)

8            Rule 15(c)(1) allows an amended pleading that adds a

9    new party to relate back to the date of the original pleading

10   when (1) "the amendment asserts a claim . . . that arose out of

11   the conduct . . in the original pleading," (2) within the period

12   allowed by Rule 4(m), the new party "received such notice of the

13   action that it will not be prejudiced in defending on the

14   merits," and (3) the new party "knew or should have known that

15   the action would have been brought against it, but for a mistake

16   concerning the proper party's identity."  Fed. R. Civ. P.

17   15(c)(1).

18           All three of Rule 15(c)(1)'s requirements are met here.

19   First, the parties do not contest that the new claims arise out

20   of the same conduct asserted in plaintiff's original Complaint.

21   (See Defs.' Mem. at 9.)  Second, a sufficient "community of

22   interest" exists between LUSD and the new defendants to impute

23   knowledge of the action from the former to the later.  See G.F.

24   Co. v. Pan Ocean Shipping Co., 23 F.3d 1498, 1503 (9th Cir. 1994)

25   (citing Korn v. Royal Caribbean Cruise Line, Inc., 724 F.2d 1397,

26   1401 (9th Cir. 1984)).  Nichols-Washer and Young are agents of

27   the original defendant, LUSD.  As Superintendent and Director of

28   Personnel for LUSD, Nichols-Washer and Young can reasonably be

8

1   expected to know of a pending lawsuit against their employer

2   arising from conduct they took on LUSD's behalf.  Moreover, all

3   defendants are represented by the same counsel, and plaintiff

4   notified defendants' counsel as early as September 22, 2014, that

5   she intended to amend her Complaint to add Nichols-Washer and

6   Young as defendants.  (See Mot. to Amend at 2 (Docket No. 11));

7   Edwards, 892 F.2d at 1447 (considering the fact that the same

8   counsel represented both new and original parties).  The court is

9   thus satisfied that the new defendants received sufficient notice

10  of the action and will not suffer prejudice in defending on the

11  merits.  Third, defendants knew or should have known that the

12  action would have been brought against them but for an error in

13  pleading.  As stated previously, plaintiff acknowledged her error

14  in naming only LUSD as a defendant in September 2014 and informed

15  defendants' counsel that Nichols-Washer and Young would be added

16  as defendants.  (See Mot. to Amend at 2.)  Accordingly, because

17  all of the Rule 15(c)(1) elements are met, these claims relate

18  back to the date of plaintiff's original Complaint and are not

19  time barred.

20         Next, defendants argue that plaintiff's third claim

21  fails to allege a required element of retaliation under 42 U.S.C.

22  § 12203(a), specifically a causal link between plaintiff's

23  alleged request for time off as a reasonable accommodation and

24  defendants' denial of early retirement health benefits.  (Defs.'

25  Mem. at 12); see Pardi v. Kaiser Found. Hospitals, 389 F.3d 840,

26  849 (9th Cir. 2004) ("To establish a prima facie case of

27  retaliation under the ADA, an employee must show that: (1) he or

28  she engaged in a protected activity; (2) suffered an adverse

1 employment action; and (3) there was a causal link between the

2 two.").  Plaintiff alleges that "[o]n the basis of the time that

3 Plaintiff requested and took off from work as a reasonable

4 accommodation . . . Defendants denied Plaintiff's access to

5 LUSD's Early Retirement Health Benefits program," (FAC ¶ 3), and

6 "Plaintiff has evidence which shows that Defendants took

7 affirmative and intentional steps because of Plaintiff's known

8 disabilities and requests for reasonable accommodation to ensure

9 that Plaintiff Kitchen would be excluded from the program," (id.

10 ¶ 21 (emphasis added)).  Accordingly, the court finds that

11 plaintiff has sufficiently alleged a causal link and stated a

12 claim for retaliation.

13          Finally, defendants argue that plaintiff's fourth claim

14 does not state a claim for interference under 42 U.S.C.

15 § 12203(b).  (Defs.' Mem. at 13-14.)  Section 12203(b) provides:

16          It shall be unlawful to coerce, intimidate, threaten,
           or interfere with any individual in the exercise or
17          enjoyment of, or on account of his or her having
           exercised or enjoyed, or on account of his or her
18          having aided or encouraged any other individual in the
           exercise or enjoyment of, any right granted or
19          protected by this chapter.

20

21 42 U.S.C. § 12203(b).  Plaintiff alleges that "[i]n excluding

22 Plaintiff from participation in the Early Retirement Health

23 Benefits program due to the time off she requested and required

24 as a reasonable accommodation for her disabilities, Defendant

25 interfered with her on account of her having enjoyed rights

26 protected under the ADA, in violation of Title V of the ADA."

27 (FAC ¶ 43.)  From this, the court understands the time plaintiff

28 took off as a reasonable accommodation to be the alleged "right

10

1   granted or protected" and the denial of retirement benefits for

2   having "exercised or enjoyed" that right to be the alleged

3   interference.  Accordingly, the court finds that plaintiff has

4   stated a claim for interference.  The court will thus deny

5   defendants' motion to dismiss claims one, three, and four as

6   against Nichols-Washer and Young.

7                   2. Plaintiff's Rehabilitation Act Claims

8               Regarding plaintiff's second and fifth claims under the

9   Rehabilitation Act, defendants first raise the statute of

10  limitations.  (Defs.' Mem. at 11.)  Rehabilitation Act claims

11  under 29 U.S.C. §§ 794, et seq., have no independent statute of

12  limitations, so courts apply the forum state's personal injury

13  statute of limitations.  See Douglas v. Cal. Dep't of Youth

14  Auth., 271 F.3d 812, 823 (9th Cir. 2001); J.W. ex rel. J.E.W. v.

15  Fresno Unified Sch. Dist., 570 F. Supp. 2d 1212, 1222 (E.D. Cal.

16  2008) (O'Neill, J.).  California's personal injury statute of

17  limitations is two years.  Cal. Code Civ. Proc. § 335.1.

18              Plaintiff alleges that Nichols-Washer informed her that

19  she did not qualify for early retirement health benefits on

20  November 1, 2012.  (FAC ¶ 19.)  Plaintiff filed her original

21  Complaint on June 16, 2014.  (Docket No. 1.)  Her claims against

22  LUSD were thus timely filed.  With regard to new defendants

23  Nichols-Washer and Young, the court has already concluded that

24  plaintiff's claims relate back to the date she filed her original

25  Complaint.  See Part II.B.1.  Accordingly, the statute of

26  limitations does not bar plaintiff's second and fifth claims

27  against any of the defendants.

28              Next, defendants argue that plaintiff's fifth claim for

1  retaliation fails to allege the element of a causal link.

2  (Defs.' Mem. at 14); see Coons v. Sec'y of U.S. Dep't of

3  Treasury, 383 F.3d 879, 887 (9th Cir. 2004) ("A prima facie case

4  of retaliation requires a plaintiff to show: "(1) involvement in

5  a protected activity, (2) an adverse employment action and (3) a

6  causal link between the two."). Just as above, plaintiff

7  adequately addresses causation by alleging that "[o]n the basis

8  of the time that Plaintiff requested and took off from work as a

9  reasonable accommodation . . . Defendants denied Plaintiff's

10 access to LUSD's Early Retirement Health Benefits program," (FAC

11 ¶ 3), and "Defendants took affirmative and intentional steps

12 because of Plaintiff's known disabilities and requests for

13 reasonable accommodation to ensure that Plaintiff Kitchen would

14 be excluded from the program," (id. ¶ 21 (emphasis added)). The

15 court thus finds that plaintiff has sufficiently stated a claim

16 of retaliation under the Rehabilitation Act. Accordingly, the

17 court will deny defendants' motion to dismiss claims two and

18 five.

19     C. Defendants' Motion to Strike

20         Rule 12(f) authorizes a court to "strike from a

21 pleading an insufficient defense or any redundant, immaterial,

22 impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The

23 function of a 12(f) motion to strike is to avoid the expenditure

24 of time and money that must arise from litigating spurious issues

25 by dispensing with those issues prior to trial . . . ." Fantasy,

26 Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation

27 marks, citation, and first alteration omitted), rev'd on other

28 grounds by Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994).

1      Because motions to strike are "often used as delaying

2  tactics," they are "generally disfavored" and are rarely granted

3  in the absence of prejudice to the moving party.  Rosales v.

4  Citibank, FSB, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001); see

5  also N.Y.C. Emps.' Ret. Sys. v. Berry, 667 F.Supp.2d 1121, 1128

6  (N.D. Cal. 2009) ("Where the moving party cannot adequately

7  demonstrate . . . prejudice, courts frequently deny motions to

8  strike even though the offending matter was literally within one

9  or more of the categories set forth in Rule 12(f)." (citation and

10 internal quotation marks omitted)).  Moreover, the Ninth Circuit

11 has held that Rule 12(f) should not be used as "an attempt to

12 have certain portions of [a] complaint dismissed or to obtain

13 summary judgment against [a plaintiff] as to those portions of

14 the suit--actions better suited for a Rule 12(b)(6) motion or a

15 Rule 56 motion, not a Rule 12(f) motion."  Whittlestone, Inc. v.

16 Handi-Craft Co., 618 F.3d 970, 974 (9th Cir. 2010).

17      Defendants move to strike Nichchols-Washer and Young

18 from plaintiff's second and fifth claims because their inclusion

19 in those claims is "redundant and immaterial."  (Defs.' Mem. at

20 4.)  Defendants argue that any judgment against Nichchols-Washer

21 and Young in their official capacity is in essence a judgment

22 against LUSD.  (Id. at 3-4); see Kentucky v. Graham, 473 U.S.

23 159, 169 (1985) ("[A] judgment against a public servant 'in his

24 official capacity' imposes liability on the entity that he

25 represents.'" (quoting Brandon v. Holt, 469 U.S. 464, 471

26 (1985))).  There is thus no need to include both LUSD and its

27 officers in claims two and five.

28      Several decisions from this district have granted

1    similar motions to strike claims against individuals in their

2    official capacity when a claim also named that individual's

3    employer.  See, e.g., Contreras, ex rel. Contreras v. Cnty. of

4    Glenn, 725 F. Supp. 2d 1157, 1160 (E.D. Cal. 2010) (Mendez, J.);

5    Haddox v. City of Fresno, 2008 WL 53244, at *3 (E.D. Cal. Jan. 2,

6    2008) (Wanger, J.).  However, unlike the present case, those

7    actions named government officials in both their individual and

8    official capacities.  See Contreras, 725 F. Supp. 2d at 1160.

9    Striking them in their official capacities thus did not operate

10   to fully dismiss the claims against them.  See id. ("[T]his

11   ruling in no way affects the suit against these officers in their

12   individual capacity.").  The court is wary of the fact that

13   granting such a motion to strike here will fully dismiss claims

14   as against Nichchols-Washer and Young, contrary to the Ninth

15   Circuit's guidance on the role of Rule 12(f).  See Whittlestone,

16   618 F.3d at 974.

17        Defendants have also failed to show any prejudice from

18   the inclusion of claims against both LUSD and Nichchols-Washer

19   and Young in their official capacity.  If these claims are truly

20   duplicative and immaterial, their inclusion should have little

21   impact on defendants.  Accordingly, because such motions are

22   disfavored in the absence of prejudice, see Rosales, 133 F. Supp.

23   2d at 1180, the court will deny defendants' motion to strike.

24        IT IS THEREFORE ORDERED that:

25        (1)  defendants' motion to dismiss be, and the same

26             hereby is, GRANTED with respect to claims one,

27             three, and four as against defendant Lodi Unified

28             School District only, and DENIED in all other

1    respects;

2         (2)   defendants' motion to strike be, and the same

3               hereby is, DENIED.

4    Dated:   February 27, 2015

5    _____

6    WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   15